# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 10, 2009

Charles R. Fulbruge III
Clerk

No. 09-30109
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ZIERICH DEWONE SNOW,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
No. 5:08-CR-120-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Zierich Snow appeals the sentence imposed following his guilty-plea con-
viction of possession with intent to distribute 50 grams or more of cocaine base,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

or crack, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). Snow argues that the district court abused its discretion by imposing an unreasonable sentence of 192 months' imprisonment, despite a sentencing guideline range of 78-97 months and a statutory mandatory minimum sentence of 10 years.

We need not determine whether Snow failed to preserve this issue in the district court, because the judgment withstands scrutiny even under the abuse-of-discretion standard. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007). Because Snow has not argued that there is procedural error, we consider the substantive reasonableness of the sentence. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

The district court adequately articulated the basis of its sentence. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006), which was informed by careful consideration of the 18 U.S.C. § 3553(a) factors in light of the facts, *see Gall*, 128 S. Ct. at 597-98 and n.6. The district court provided fact-specific reasons for the sentence and in particular cited Snow's prior crimes, which included attempted second-degree murder and assault of a police officer. The court observed that Snow's prior terms of imprisonment had not deterred his criminal behavior. Criminal history is a factor that may be considered in imposing a non-guideline sentence. *See United States v. Herrera-Garduno*, 519 F.3d 526, 531 (5th Cir. 2008).

The court further indicated that it had considered, as called for by § 3553-(a)(1), the nature and circumstances of the offense and Snow's history and characteristics. The court's reasons also indicate that the sentence is necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment, as set forth in § 3553(a)(2)(A), to provide adequate deterrence to criminal conduct, as set forth in § 3553(a)(2)(B), and to protect the public from further crimes by Snow, as set forth in § 3553(a)(2)(C). Snow's suggestion that the sentence is the result of a personality clash between him and the

district court is belied by the record. Moreover, a court may rely on factors already incorporated by the guidelines to support a non-guideline sentence. *See Brantley*, 537 F.3d at 350.

Regarding the extent of the departure, although the sentence represents a 60% increase above the mandatory minimum, *see* 21 U.S.C. § 841(b)(1)(A)(iii), it is less than the statutory maximum of life imprisonment authorized by the statute, *see id.*; *see also United States v. Williams,* 517 F.3d 801, 812 (5th Cir. 2008) (using statutory maximum for comparison). The extent of the variance in Snow's case is consistent with other sentences that this court has affirmed. *See Brantley,* 537 F.3d at 348-50 (applying plain error review and affirming a sentence 253% higher than the top of the guidelines range); *Smith*, 440 F.3d at 708-10 & n.5 (upholding departure from guidelines range maximum of 27 months to 60 months); *United States v. Jones*, 444 F.3d 430, 433 (5th Cir. 2006) (upholding departure from guidelines range maximum of 57 months to statutory maximum of 120 months); *United States v. Smith*, 417 F.3d 483, 492 (5th Cir. 2005) (upholding departure from guidelines range maximum of 41 months to 120 months); *United States v. Daughenbaugh*, 49 F.3d 171, 174-75 (5th Cir. 1995) (upholding departure from maximum of 71 months to 240 months).

In light of the foregoing and the deference that this court affords to the district court's findings regarding § 3553(a), that court did not abuse its discretion by concluding that a 192-month sentence was reasonably necessary to achieve the objectives of § 3553(a). *See Gall*, 128 S. Ct. at 597.

The judgment is AFFIRMED.